Filed 11/22/23  P. v. Trujillo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL TRUJILLO,<br><br>    Defendant and Appellant. | E081881<br><br>(Super.Ct.No. FVI1500732)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Miriam I. Morton, Judge.  Dismissed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

On June 29, 2016, a jury convicted defendant and appellant Daniel Trujillo of two counts of attempted deliberate premeditated murder (Pen. Code, §§ 664, 187, counts 1 & 2).[1] The court sentenced defendant to a term of imprisonment of 14 years to life. (*Trujillo*, *supra*, E066780.)

On January 10, 2022, defendant filed a form petition for resentencing pursuant to former section 1170.95.[2] At a prima facie hearing on August 4, 2023, the trial court denied the petition based on the jury instructions, which the People had attached to their motion to deny the petition.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case, requesting that we must independently review the record for error, and identifying four potentially arguable issues: (1) whether the court erred in determining that defendant was not convicted under a theory of imputed malice; (2) whether the trial court's instruction of the jury regarding conspiracy indicated that defendant was convicted based on a theory of natural and probable consequences; (3) whether defendant was eligible for resentencing where the court instructed the jury with theories of direct aiding and

---

[1] All further statutory references will be to the Penal Code.

We take judicial notice of our prior opinion from defendant's appeal from the original judgment. (*People v. Trujillo.* (Feb. 26, 2018, E066780) [nonpub. opn.].) In their motion to deny defendant's petition, the People requested the court below take judicial notice of *Trujillo*.

[2] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

abetting, conspiracy to commit murder, and conspiracy to commit attempted murder; and 4) whether counsel below rendered prejudicial ineffective assistance of counsel.

We gave defendant the opportunity to file a personal supplemental brief. We noted that if he did not do so, we could dismiss the appeal; nevertheless, he has not filed one. Under these circumstances, we have no obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th. at pp. 224-231.) Rather, we dismiss the appeal. (*Id*. at pp. 231-232.)

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

We concur:

RAMIREZ

P. J.

CODRINGTON

J.